**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JOSE CARLOS ALVAREZ**<br>***on behalf of himself and all***<br>***Similarly Situated Employees*** | ) | **Case No._____________** |
| **Plaintiff,** | ) | **JURY DEMANDED** |
| **v.** | ) | |
| | ) | **CLASS AND COLLECTIVE** |
| **ERANI ENTERTAINMENT**<br>**CORPORATION, ROBERT ERANI** | ) | **ACTION** |
| **Defendants.** | ) | |

---

**COMPLAINT**

---

Plaintiff Jose Carlos Alvarez ("Plaintiff" or "Alvarez") on behalf of himself and all similarly situated Situated employees allege the following claims against Defendant ERANI ENTERTAINMENT CORPORATION and ROBERT ERANI ("Defendants"):

## NATURE OF THE CASE

1) This is a class and collective action seeking damages for failure to comply with the minimum wage and overtime requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. ("FLSA"), the New Jersey State Wage and Hour Law ("NJSWHL"), N.J. Stat. Ann. §34:11 56a et. seq.
2) Defendants repeatedly and systemically failed to pay minimum wage to Plaintiff and other employees.

## PARTIES

3) Plaintiff Jose Carlos Alvarez is a resident of New Jersey.
4) Defendant ERANI ENTERTAINMENT CORPORATION is a corporation organized under the laws of the state of New Jersey, with its principal place of business at 61 Congress St, Jersey City, NJ 07307.
5) During at least the last three years, ERANI ENTERTAINMENT CORPORATION has had gross annual sales in excess of $500,000

6) Defendant ROBERT ERANI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.
7) Defendant ROBERT ERANI is the principal/owner of ERANI ENTERTAINMENT CORPORATION.
8) Defendant ROBERT ERANI is being sued individually as an employer.
9) Defendant ROBERT ERANI possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.
10) Defendant ROBERT ERANI had the power to hire and fire Plaintiff and other employees of the Defendants.
11) Defendant ROBERT ERANI manages/managed the day-to-day business affairs of ERANI ENTERTAINMENT CORPORATION.
12) Defendant ROBERT ERANI had the authority to set Plaintiff's schedules.
13) Defendant ROBERT ERANI had the power to enter into executory contracts on behalf of the business including the lease.
14) Defendant ROBERT ERANI managed and controlled the payroll practices of the Defendants.
15) Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.
16) In the alternative, Defendants constitute a single employer of Plaintiff.
17) At all relevant times, Defendants are/were Plaintiff's employer within the meaning of the FLSA and NJSWHL.
18) Plaintiff represents a collective of similarly situated employees under the FLSA pursuant to 29 U.S.C. §216(b). This "FLSA Collective" is defined as: All current and former non-exempt employees of the defendants for the three years preceding this suit to the present.
19) Plaintiff represents a class of similarly situated employees under New Jersey law pursuant to Federal Rule of Civil Procedure 23. This "New Jersey Class" is defined as: All current and former non-exempt employees for the six years preceding this suit to the present.
20) Throughout this Complaint, the employees in the FLSA Collective and New Jersey Class are referenced jointly and collectively as "Similarly Situated Employees."

## JURISDICTION, AND VENUE

21) This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.
22) Venue is proper in this Court pursuant to 28 U.S.C § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendants' principal place of business is in this District.
23) This Court has personal jurisdiction over Defendants because its principal place of business is in this District, and it employed Plaintiff in this District.

## FACTS

24) Defendants operate a bar/restaurant in Jersey City, New Jersey.
25) Defendant employed Plaintiff as a Bartender since in or around 2014 and continues to be employed there.

26) Plaintiff regularly worked three to four days per week, typically from Wednesday through Saturday, with shifts starting at approximately 7:00 PM and ending around 3:00–4:00 AM.
27) For each shift, Plaintiff was paid $30 plus tips.
28) Plaintiff and other similarly situated employees were not paid minimum wage.
29) Plaintiff, FLSA Overtime Collective Members. and NJ Overtime Class members remain uncompensated for minimum wage, and they are entitled to damages under the FLSA and New Jersey law.

## COLLECTIVE ACTION ALLEGATIONS

30) Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as if fully stated herein.
31) Numerous individuals were victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.
32) Based on his experiences and tenure with Defendants, Plaintiff is aware that Defendants illegal practices were imposed on the FLSA Collective Members.
33) The FLSA Overtime Collective Members were not paid minimum wage for all hours worked.
34) The FLSA Collective Members are victims Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.
35) The FLSA Collective Members are similarly situated within the meaning of the FLSA.
36) Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.
37) The FLSA Collective Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

38) Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as if fully stated herein.
39) The illegal practices Defendants imposed on Plaintiff were likewise imposed on the New Jersey Class Members.
40) Numerous individuals other than Plaintiff who worked for Defendants were not properly compensated for all hours worked, as required by New Jersey law.
41) The New Jersey Class is so numerous that joinder of all members of the class is impracticable.
42) Defendants imposed uniform practices and policies on Plaintiff and the New Jersey Class Members regardless of any individualized factors.
43) Based on his own experience and tenure with Defendants, as well as discussions with coworkers of Defendants, Plaintiff is aware that Defendants' illegal practices were imposed on the New Jersey Class Members.
44) The New Jersey Class Members were not paid the proper minimum wage for all hours worked.
45) Defendants' failure to pay overtime compensation in accordance with New Jersey law results from generally applicable, systematic, policies and practices which are not dependent on the personal circumstances of the New Jersey Class Members.
46) Plaintiff's experiences are therefore typical of the experiences of the New Jersey Class Members.

47) Plaintiff has no interest contrary to, or in conflict with, the New Jersey Class Members. Like each member of the proposed class, Plaintiff has an interest in obtaining the unpaid wages and other damages owed under the law.
48) A class action, such as this one, is superior to other available means for fair and efficient adjudication of the New Jersey Class Members' claims.
49) Absent this action, many New Jersey Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating New Jersey law.
50) Furthermore, even if some of the New Jersey Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.
51) Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.
52) The questions of law and fact common to each of the New Jersey Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a) Whether Defendants paid Plaintiff and the New Jersey Class Members minimum wage for all hours worked;
    b) Whether Defendants' NJSWHL violations were committed knowingly.

53) Plaintiff's claims are typical of the New Jersey Class Members. Plaintiff and the New Jersey Class Members have all sustained damages arising out of Defendants' illegal and uniform employment practices.
54) Plaintiff knows of no difficulty that will be encountered in the management of this litigation that precludes its ability to go forward as a class or collective action.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

55) Plaintiff realleges and incorporates by reference Paragraphs 1 through 54 as if fully stated herein.
56) By failing to pay Plaintiff and the FLSA Overtime Collective Members minimum wage, Defendants violated the FLSA. 29 U.S.C. § 207(a).
57) Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective Members minimum wage.
58) Because Defendants knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendants owes these wages for at least the past three years.
59) Defendants' failure to pay minimum wage to these FLSA Collective Members was neither reasonable or made in good faith.
60) Because Defendants' decision not to pay overtime was not made in good faith, Defendants also owes Plaintiff and the FLSA Collective Members an amount equal to the unpaid wages as liquidated damages.
61) Accordingly, Plaintiff and the FLSA Collective Members are entitled to their full wages, plus liquidated damages, attorney's fees, and costs.

## COUNT II – NJSWHL MINIMUM WAGE VIOLATIONS

62) Plaintiff realleges and incorporates by reference Paragraphs 1 through 61 as if fully stated herein.
63) Defendants were and are an "employer" within the meaning of NJSWHL.
64) At all relevant times, Defendants employed Plaintiff and other New Jersey Class Members as "employees" within the meaning of NJSWHL.
65) The NJSWHL, N.J. Stat. Ann. §34:11-56a4(a), requires Defendants pay minimum wage to all non-exempt employees.
66) Plaintiff and the other New Jersey Class Members are non-exempt employees who are entitled to be paid minimum wage for all hours worked.
67) Within the applicable limitations period, Defendants had a policy and practice of paying below the legally required minimum wage.
68) Plaintiff and the New Jersey Tip Credit Class Members are entitled to minimum wage under the NJSWHL, liquidated damages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJSWHL, N.J. Stat. Ann. §34:11-56a25, and the New Jersey Administrative Code, §12:56-3.5.

## JURY DEMAND

69) Plaintiff demands a trial by jury on all claims in this suit.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all Similarly Situated Employees:

1. For an order certifying a collective action for the FLSA claims;
2. For an order certifying a class action for the New Jersey law claims.
3. For an order finding Defendants liable for violations of federal wage laws with respect to Plaintiff and all FLSA Collective Members covered by this case;
4. For an order finding Defendants liable for violations of New Jersey wage laws with respect to Plaintiff and all New Jersey Class Members covered by this case;
5. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Plaintiff and all FLSA Collective Members covered by this case;
6. For a judgment awarding all unpaid wages, liquidated damages, and penalties under New Jersey wage laws to Plaintiff and all New Jersey Class Members covered by this case;
7. For an equitable accounting and restitution of wages due to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;

8. For a judgment awarding attorneys' fees to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;

9. For a judgment awarding costs of this action to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;

10. For a judgment awarding pre-and post-judgment interest at the highest rates allowed by law to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case; and

11. For all such other and further relief as may be necessary and appropriate.

This 27th day of May 2026.

Respectfully submitted,

/s/ Gennadiy Naydenskiy______________

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224(phone)
naydenskiylaw@gmail.com

*Counsel for Plaintiff*